UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HARRY EDELSON,<br><br>          Plaintiff,<br><br>v.<br><br>POGOTEC, INC.,<br><br>          Defendant. | Case No.  21-cv-01699-VKD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 13 |

Plaintiff Harry Edelson brings this action against defendant PogoTec, Inc. ("PogoTec") for failure to make payments according to the terms of a promissory note. PogoTec moves to dismiss Mr. Edelson's complaint for lack of personal jurisdiction. Dkt. No. 13. The Court finds this matter suitable for decision without oral argument. *See* Civil L.R. 7-1(b). For the reasons discussed below, the motion is granted.[1]

## I. BACKGROUND

On July 8, 2016, Mr. Edelson and PogoTec entered into an agreement pursuant to which Mr. Edelson purchased from PogoTec a convertible promissory note for the principal amount of $1,000,000 (the "Note"). *See* Dkt. No. 1 ¶ 6. The complaint does not attach the Note; however, Mr. Edelson does not dispute that the document attached as Exhibit A to the declaration of Ronald Blum is a true and correct copy of the Note. Dkt. No. 13-1, Ex. A; Dkt. No. 16.

Mr. Edelson resides in New Jersey. Dkt. No. 1 ¶ 4. PogoTec is a Delaware corporation

---

[1] All parties have consented to magistrate jurisdiction. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 12, 15.

with a principal place of business in Virginia. *Id.* ¶ 5. PogoTec acknowledges that, after the Note was signed, it had an office in California for approximately one year from about July 2017 to July 2018. Dkt. No. 13-2 ¶ 3.

Although not alleged in the complaint, it is undisputed that the Note was signed in Virginia. Dkt. No. 13-1, Ex. A; Dkt. No. 16 at 2. However, Mr. Edelson alleges in the complaint that "[t]he sale and purchase of the [N]ote occurred at a closing held on July 8, 2016 at the office of Defendant's attorneys located within this District in Palo Alto, California." Dkt. No. 1 ¶ 7. In addition, Mr. Edelson argues that, if given leave, he could amend his complaint to allege that PogoTec's attorneys drafted and negotiated both the Note and the agreement to purchase the Note from their offices in California. Dkt. No. 16 at 2.

Mr. Edelson filed this action on March 10, 2021. Dkt. No. 1. He alleges that PogoTec breached the terms of the Note, as amended,[2] by failing to pay the amounts due. *See* Dkt. No. 1 ¶ 10. The Note includes a choice-of-law provision stating that the Note and all actions arising out of or in connection with the Note "shall be governed by and construed in accordance with the laws of the State of California, without regard to the conflicts of law provisions of the State of California, or of any other State." *Id. ¶* 8; Dkt. No. 13-1, Ex. A.

PogoTec now moves to dismiss the complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. *See* Dkt. No. 13.

## II.  LEGAL STANDARD

When a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). The plaintiff may not simply rest on the allegations in the complaint. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Although uncontroverted allegations in the complaint must be taken as true, "disputed allegations . . . that are not supported with evidence or affidavits cannot establish [personal] jurisdiction." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1207 (9th Cir. 2020); *see also Mayhem Crude, Inc. v. Borrelli Walsh Pte. Ltd.*, 445 F. Supp.

---

[2] The parties appear not to dispute that the Note was subsequently amended. *See* Dkt. No. 13 at 3.

3d 337, 341 (N.D. Cal. 2020) (when personal jurisdiction is challenged, "[t]he court may rest on the allegations in the pleadings, weigh the contents of affidavits and other evidence, or hold a hearing and resort to oral testimony") (citing 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1351 (3d ed. 2018)).

Because no federal statute authorizes personal jurisdiction in this matter, California law applies. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). "California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same." *Id.* "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have certain minimum contacts with the relevant forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id*. (internal quotations and citation omitted).

To comport with due process requirements, a court may "exercise personal jurisdiction over an out-of-state defendant if the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotations omitted); *see also Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State.") (internal quotations omitted).

A plaintiff may invoke either general or specific personal jurisdiction. *Ranza*, 793 F.3d at 1068. "[G]eneral jurisdiction requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State[.]" *Daimler AG v. Bauman,* 571 U.S. 117, 133 n.11 (2014) (internal quotations, citations, and alterations omitted). "Specific jurisdiction exists when a case arises out of or relates to the defendants' contacts with the forum." *Ranza*, 793 F.3d at 1068. Courts in the Ninth Circuit analyze specific jurisdiction under a three-prong test:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802. The plaintiff bears the burden of satisfying the first two prongs. *Mavrix Photo*, 647 F.3d at 1228. If the plaintiff does so, then the burden shifts to the defendant "to set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp.*, 471 U.S. at 476-78).

Where jurisdictional issues are decided "on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand [dismissal]." *Id.* at 1223. Factual disputes are resolved in the plaintiff's favor. *Id.*

## III.   DISCUSSION

Although he bears the burden of establishing personal jurisdiction, Mr. Edelson does not state whether he relies on general jurisdiction or specific jurisdiction. The Court considers both grounds.

### A.   General Jurisdiction

Typically, general jurisdiction over a corporation is appropriate only in the state of its place of incorporation and its principal place of business. *Daimler,* 571 U.S. at 137 ("With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction'.") (quoting *Goodyear*, 564 U.S. at 924. PogoTec is not incorporated in California and does not have any place of business in the state. Mr. Edelson points to no circumstances that would support this Court's exercise of general jurisdiction over PogoTec.

### B.   Specific Jurisdiction

In considering whether this Court may exercise specific personal jurisdiction over PogoTec, the Court applies the Ninth Circuit's three-prong test.

#### 1.   Purposeful availment

As this action is based on contract, the Court considers whether PogoTec purposefully

availed itself of the privilege of doing business in California. *Schwarzenegger*, 374 F.3d at 802.

Here, Mr. Edelson acknowledges that the Note was signed in Virginia. However, he asserts that the Note "was delivered at a closing in Palo Alto, California," and that PogoTec's counsel negotiated and drafted the Note from their offices in California. Dkt. No. 16 at 2; *see also* Dkt. No. 1 ¶ 7. He also notes that PogoTec had an office in California for approximately one year, but he does not dispute that this California office had nothing to do with the Note. Dkt. No. 16 at 2. Finally, Mr. Edelson points to the Note's choice of law provision, which specifies that California law governs the Note and disputes concerning the Note. *Id.*

These allegations, which are not supported by a declaration or any other evidence, are insufficient to show that PogoTec purposefully availed itself of the privilege of conducting activities in California. First, Mr. Edelson does not explain what "delivered at a closing" means. It is undisputed that the Note was not signed in California. To the extent "delivered at a closing" means something else, Mr. Edelson does not explain what that is or how it might support the exercise of specific jurisdiction.

Second, Mr. Edelson cites no authority for the proposition that the activities and location of PogoTec's *counsel* are relevant to the purposeful availment analysis, which focuses on the actions of *PogoTec*. *See Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[O]ur minimum contacts analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.") (internal quotations omitted).

Third, while the existence of a place of business in California is relevant to whether PogoTec purposefully availed itself of the forum, PogoTec's California office did not exist at the time the Note was signed, and it has long since closed. Moreover, it is undisputed that the activities of PogoTec's temporary California office were unrelated to the Note at issue.

Finally, while the parties' choice of California law also may be a relevant consideration for specific jurisdiction, such a provision standing alone is insufficient. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985); *see also Pervasive Software Inc. v. Lexware GmbH & Co. KG,* 688 F.3d 214, 223 (5th Cir. 2012) ("[T]he presence of a choice-of-law clause is not sufficient in itself to establish personal jurisdiction when, as here, the contacts do not otherwise demonstrate

5

1  that the defendant purposefully availed himself of the privilege of conducting business in [the
2  forum state].") (internal quotations omitted); *Bright Lite Structures, LLC v. Balform, Ltd.*, No. 20-
3  CV-00567-LB, 2020 WL 2218967, at *10 (N.D. Cal. May 7, 2020) ("A choice-of-law provision in
4  a contract, while deserving of consideration, does not drive the analysis of personal jurisdiction")
5  (internal quotations omitted).

### 2. Arising out of or related to

Mr. Edelson fails to show that the claims he asserts in this action arise out of or relate to any of PogoTec's forum-related activities. The Note itself does not call for performance in California, and Mr. Edelson does not suggest that PogoTec's temporary office in California had anything to do with the Note. As noted above, Mr. Edelson provides no support for his assertion that the Note was "delivered at a closing" in California, nor does he explain the jurisdictional significance of that event.

### 3. Reasonableness

Given that Mr. Edelson has failed to satisfy his burden with respect to the first two prongs of the specific jurisdiction analysis, the Court need not consider the seven factors that inform the reasonableness analysis, as the exercise of specific jurisdiction in these circumstances would not be reasonable and would deprive PogoTec of due process. *See AMA Multimedia*, 970 F.3d at 1208 (citing *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995)).

As Mr. Edelson has failed to make a prima facie showing establishing personal jurisdiction, the complaint must be dismissed pursuant to Rule 12(b)(2).

### C. Leave to Amend

Mr. Edelson asks for leave to amend the complaint to add allegations that PogoTec's counsel drafted and negotiated the Note and the agreement to purchase the Note from their offices in California. Dkt. No. 16 at 2. While leave to amend generally is granted liberally, the Court has discretion to dismiss a claim without leave to amend if the amendment would be futile. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008); *Rivera v. BAC Home Loans Servicing, L.P.*, 756 F. Supp. 2d 1193, 1197 (N.D. Cal. 2010) (citing *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996)).

1    The Court finds that Mr. Edelson's suggested amendment would be futile. As discussed
2 above, the conduct of PogoTec's counsel in the forum cannot support the exercise of specific
3 jurisdiction over PogoTec in these circumstances. Mr. Edelson cites no authority to the contrary.
4 Accordingly, the Court denies Mr. Edelson leave to amend his complaint.

## IV. CONCLUSION

PogoTec's motion to dismiss the complaint pursuant to Rule 12(b)(2) for lack of personal jurisdiction is granted without leave to amend.

**IT IS SO ORDERED.**

Dated: July 19, 2021

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge